**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

UNITED STATES OF AMERICA

v.                                              ACTION NO. 4:04CR77

KEITH JOYCE,

       Defendant.

<u>O R D E R</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the grand jury has found probable cause to believe that the defendant engaged in a number of offenses related to identity theft, misuse of identification documents, and fraud.

The Pretrial Services Report indicates that the defendant has no ties to this community and, at the time of his arrest, he resided with his cousin on Madison Avenue in New York City.

The defendant's prior record includes sales of drugs in New York City and fraud in Virginia. In addition, in 1995 he was adjudicated a youthful offender and received five years probation.

A bench warrant was issued in June of 1999 but not returned until July of 2002. In addition, the defendant was convicted of possession of stolen property in Manhattan and sentenced to sixteen months to four years of incarceration. He was then convicted in January of 2002 of sale of narcotics. In July of 2003 he was convicted of forgery and obtaining money by false pretenses in Hampton, Virginia. In September of 2001 he was convicted of failure to appear and fined. The defendant used several aliases and different birth dates.

The Court FINDS that the defendant is a risk of nonappearance based on the history of the bench warrants that were issued and the length of time it took to serve them, the fact that he is on community service supervision in Manhattan until 2009, his history of drug use, and the fact that he is presently unemployed. In addition, the Court FINDS that the defendant was on probation at the time of the commission of the offenses in this charge.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

                                                /s/
                                     Tommy E. Miller
                                     United States Magistrate Judge

Norfolk, Virginia

May 24, 2005